UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES PAUL SUMMERS,

                Petitioner,

v.                                      **DECISION AND ORDER**
                                             10-CR-138S
                                             13-CV-281S

UNITED STATES OF AMERICA,

                Respondent.

## I.  INTRODUCTION

Presently before this Court is the Motion of *pro se* Petitioner James Paul Summers to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, Petitioner's § 2255 motion is denied.

## II. BACKGROUND

On June 1, 2011, Petitioner appeared before this Court and pled guilty to four counts of a superseding indictment charging him with multiple violations of 18 U.S.C. § 2251(a) (production of child pornography) and § 2252A(a)(5)(B) (possession of child pornography). The plea agreement signed by Petitioner reflects his understanding that there was a mandatory minimum fifteen-year imprisonment term on each of the production convictions. (Docket No. 28 at 1-2.) Petitioner's limited right to appeal in accordance with 18 U.S.C. 3742 was expressly preserved by the plea agreement; however, Petitioner:

> knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court if the defendant is sentenced to a term of imprisonment of 540 months or less, a fine and supervised release set forth in [the plea agreement], notwithstanding the manner in which the Court determines the sentence.

(Docket No. 28 at 15.) Further, Petitioner:

> under[stood] that by agreeing to not collaterally attack the sentence, the [Petitioner] is waiving the right to challenge the sentence in the event that in the future [he] becomes aware of previously unknown facts or a change in the law which [he] believes would justify a decrease in the [Petitioner's] sentence.

(Id.)

Petitioner was sentenced on March 14, 2012 to a fifteen-year term of incarceration on each of the three production convictions, with the sentences to be served consecutively, for a total of 45 years (540 months) imprisonment. A sentence of ten years imprisonment was imposed with respect to the single possession count, with this sentence to be served concurrently with his sentences on the other counts. A lifetime term of supervised release, the maximum anticipated by the plea agreement, was imposed, but no fine. Despite being informed of his right to do so on several occasions (Docket Nos. 56 at 4, 13; 57 at 2-3), Petitioner failed to directly appeal his conviction.

Petitioner filed the present § 2255 motion on March 14, 2013. (Docket No. 51.) Although this Court did not previously issue a ruling, because Petitioner timely filed his motion for an extension of time in which to file, (Docket No. 66), his reply brief in support of his petition will be accepted and considered. (Docket No. 68.)

## III.  DISCUSSION

A.   **Petitioner's § 2255 Motion**

28 U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences.  This section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted)).

Petitioner raises several arguments that the evidence against him was improperly obtained, either by the use of defective subpoenas or insincere promises that Petitioner would be treated as a government informant. (Grounds 1-3.) He further argues that counsel was ineffective due to the failure to file requested suppression motions. (Ground 4.) Finally, Petitioner asserts that the superseding indictment failed to give proper notice of the evidence against him. (Ground 5.)

As the Government argues, Petitioner waived any right to collaterally attack his

3

sentence because it was imposed in accordance with the terms of his plea agreement. (Docket Nos. 28 at 15; 56 at 19.) "There is no general bar to a waiver of collateral attack rights in a plea agreement." Frederick v. Warden, Lewisburg Corr. Fac., 308 F.3d 192, 195 (2d Cir. 2002) (citing Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam)), *cert denied*, 537 U.S. 1146 (2003).  Nonetheless, a waiver of appellate or collateral attack rights does not foreclose "an attack on the validity of the process by which the waiver has been procured, here, the plea agreement." Frederick, 308 F.3d at 195; see United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam).  Further, a challenge to counsel's effectiveness in connection with the plea agreement itself is in essence a challenge to the constitutionality of the process by which a petitioner waived his right to collaterally attack the sentence.  Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008), *cert denied*, 555 U.S. 1197 (2009).  In other words, "although challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's advice about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does." Parisi, 529 F.3d at 138-39.

Accordingly, this Court will first consider whether Petitioner states "a 'meritorious' claim that 'the waiver was the result of ineffective assistance of counsel.' " Brown v. United States, 637 F. Supp. 2d 212, 217 (S.D.N.Y. 2009) (quoting United States v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004)). Where, as here, a defendant's conviction has been secured by way of a plea agreement, a defendant asserting an ineffective assistance of counsel claim must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that this deficiency in performance affected the outcome

of the plea process. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); see Strickland v. Washington, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner contends that he did not "understand that he was waiving [a]ll ability to later challenge his conviction by accepting the Plea Agreement where he would not be able to challenge or collaterally attack his conviction." (Docket No. 51 at 34.) He argues that, due to counsel's lack of communication, he went into the plea colloquy "blind" and that he "would not have signed the Plea Agreement if he truly understood that he could not challenge or collaterally attack his conviction because of the illegally obtained evidence that forced him into the Plea Agreement." (Docket No. 51 at 34-35.)

These arguments are belied by the record. Petitioner's testimony at his plea hearing, given under oath, "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001); Adames v. United States, 171 F.3d 728, 732 (2d Cir.1999); United States v. Gonzalez, 970 F.2d 1095, 1101 (2d Cir. 1992). No such substantial reason exists here.

Here, even assuming that counsel failed to adequately discuss Petitioner's appeal rights and any waiver thereof prior to the plea hearing, Petitioner engaged in an extensive discussion with this Court regarding those rights at the plea hearing. For example, during the plea collqluy, it was explained to Petitioner that he had "the right to appeal anything and everything that happens here, but you have to be appeal eligible first. And what that requires is that you file a Notice of Appeal, or your attorney does for you, within 14 days

5

after I complete your sentencing, do you understand? " (Docket No. 56 at 4.) Petitioner responded that he did. (Id.) The Court further explained:

> And then as far as the appeal rights are concerned, you reserve the right to appeal under certain circumstances, but you give up your right to appeal and what is known as collaterally attacking the sentence either in whole or in part if you are sentenced to a term of imprisonment of 540 months or less, which is over 40 years. You understand that, right?

(Docket No. 56 at 18-19.)  Petitioner responded "Yes, your Honor," and, following the prosecutor's clarification, again confirmed for the Court that he understood that the waiver applied if the sentence was specifically "45 years . . . or less." (Id.)

Further, prior to accepting Petitioner's plea, the Court confirmed that Petitioner understood that he was giving up the right to a trial and to put the government to its proof with respect to every element of the crimes charged. (Docket No. 56 at 3-4, 12.) Petitioner does not argue that he waived this right based on erroneous advice from counsel regarding the potential merits of the currently contemplated evidentiary motions.  He instead argues that both his assigned counsel had personal relationships with "the Attorney" (presumably the prosecutor) "where [counsel] went to Law School," and therefore refused to file what Petitioner believed at the time, and continues to believe, were meritorious motions. (Docket No. 51 at 32-33.)  Thus, Petitioner's waiver of his right to have his attorney challenge the evidence against him was made with the knowledge that the contemplated suppression motions would be forfeited, (Docket No. 56 at 12-13), and it cannot be concluded that counsel's alleged deficient performance affected the outcome of the plea process.  Hill, 474 U.S. at 58.  Moreover, Petitioner was expressly questioned on his opinion of counsel's performance at that time, and he agreed that he was satisfied with his current counsel's representation. (Id. at 2.) Petitioner's subsequent contradictory statements to the contrary

are insufficient grounds to find the guilty plea or the waivers associated with that plea unknowing and involuntary. Juncal, 245 F.3d at 171; United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000), *cert denied*, 531 U.S. 1001 (2000).

Finally, Petitioner is not arguing that "the [C]ourt was without jurisdiction to impose [his] sentence" or accept his plea because of an alleged defect in the superseding indictment. 28 U.S.C. § 2255(a). An indictment is jurisdictionally defective where it fails to charge a federal offense by any reasonable construction, an issue distinct from whether the government has the ability to prove its case. Hayle v. United States, 815 F.2d 879, 881-82 (2d Cir. 1987). Petitioner's argument here goes to this latter issue: he asserts that the superseding indictment failed to give him sufficient notice of "where incriminating information and files were possessed[,] description[s] of alleged materials that were incriminating," and an exact final count of the contraband images attributed to him. (Docket No. 51 at 35-36.) He argues that this precluded him from appropriately challenging the evidence against him, an argument that, like the other evidentiary arguments raised by Petitioner, is precluded by Petitioner's guilty plea and waiver of collateral review.

Petitioner's waiver of his right to collaterally attack his sentence is therefore valid, and it applies to grounds arising both before and after he entered into the plea agreement. Garcia–Santos, 273 F.3d at 509. Thus, even if Petitioner's current claims had been appropriately raised first on direct appeal, see generally Yick Man Mui v. United States, 614 F.3d 50, 54 (2d Cir. 2010), "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

**B.      Certificate of Appealability**

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right."    28 U.S.C. § 2253(c)(2).   To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . .  the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted), *cert denied*, 538 U.S. 950 (2003).  Petitioner has made no such substantial showing in this case.

### IV.  CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence is denied.  If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.  Further, in light of this Court's denial of the petition on waiver grounds, Petitioner's motion to compel the production of evidence related to his evidentiary claims (Docket No. 59) is denied as moot.

## V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Amended Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 51) is DENIED;

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED;

FURTHER, it is hereby certified that any appeal taken *in forma pauperis* would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3);

FURTHER, that Petitioner's motion to compel discovery in support of his petition (Docket No. 59) is DENIED;

FURTHER, that the Clerk of the Court is directed to close 13-CV-281S.

SO ORDERED.

Dated: September 28, 2014
      Buffalo, New York

                                                 /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                                       Chief Judge
                                           United States District Court