UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES PAUL SUMMERS,

                Petitioner,

v.                                  **DECISION AND ORDER**
                                                10-CR-138S
                                                13-CV-281S

UNITED STATES OF AMERICA,

                Respondent.

On September 29, 2014, this Court denied Petitioner James Paul Summers's motion to set aside, vacate, or correct his sentence under 28 U.S.C. § 2255. See Summers v. United States, Nos. 10-CR-138S, 13-CV-281S, 2014 WL 4829207 (W.D.N.Y. Sept. 29, 2014.[1])  (Docket No. 71.)  The United States Court of Appeals for the Second Circuit dismissed Summers's appeal of that decision on July 22, 2015.  (Docket No. 74.) Now pending is Summers's motion to set aside this Court's previous decision under Rule 60 of the Federal Rules of Civil Procedure.  (Docket No. 78.)  For the reasons below, Summers's motion is denied.

Summers maintains that he has discovered new evidence through Freedom of Information Act requests that shows that the evidence underlying his convictions was obtained in violation of his Due Process rights because state authorities allegedly shared investigative information with federal authorities improperly.  (Motion, Docket No. 78, ¶¶

---

1  Docket No. 69.

1

8-9, 11.)

Rule 60 permits a court to correct clerical mistakes, oversights, and omissions, as well as relieve a party from a final judgment, order, or proceeding. Fed. R. Civ. P. 60 (a) and (b). Under the rule, relief from a final judgment, order, or proceeding may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60 (b).

A motion seeking relief under Rule 60 (b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60 (c). Such motions are granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice." Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994); see also Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (noting that "[s]ince 60 (b) allows extraordinary judicial relief, it is invoked only upon a showing of

exceptional circumstances").

When evaluating a Rule 60 (b) motion, courts strive to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer, 793 F.2d at 61. The decision to grant relief under Rule 60 (b) is left to the "sound discretion" of the district court. In re Lawrence, 293 F.3d 615, 623 (2d Cir. 2002) (citing Parker v. Broad. Music, Inc., 289 F.2d 313, 314 (2d Cir. 1961)).

In the § 2255 habeas context, relief under Rule 60 (b) is available "only when the Rule 60 (b) motion attacks the integrity of the previous habeas proceeding, rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (relying on Rodriguez v. Mitchell, 252 F.3d 191 (2d Cir. 2001)). This limitation is necessary to prevent circumvention of the statutory restrictions governing successive habeas petitions. See Polanco v. United States, 14-CV-01540 (TPG), 11-CR-00002 (TPG), 2017 WL 4330373, at *2 (S.D.N.Y. Sept. 27, 2017) (citing Arroyo v. United States, No. 01-CV-7165 (AGS), 2007 WL 1180549, at *2 (S.D.N.Y. Apr. 23, 2007)). When such a motion lacks merit, the court should simply deny it as it would any other Rule 60 motion, rather than treat it as a successive habeas petition. Harris, 367 F.3d at 82.

Here, Summers does not attack the integrity of the previous habeas proceeding; rather, he seeks to re-open the habeas proceeding to attack his underlying criminal conviction as secured in violation of his Due Process rights. But as set forth above, Rule 60 (b) relief is not available for this purpose. See Harris, 367 F.3d at 77. Granting Summers' motion would thus improperly allow him to avoid the statutory restrictions governing successive petitions.

3

Moreover, granting relief would contravene the Second Circuit's recent rejection of Summers's efforts to proceed on this allegedly new evidence. On October 13, 2020, the Second Circuit denied Summers's motion for leave to file a successive § 2255 motion, finding that Summers failed to show that the allegedly new evidence was unavailable to him when he filed his initial § 2255 motion, and that, in any event, he also failed to show that the new evidence, if accepted by a reasonable factfinder, would have resulted in an acquittal. (Docket No. 77.) Summers's motion must therefore also be denied as an attempt to circumvent the Second Circuit's decision.

Finally, Summers's motion, filed more than six years after this Court's previous decision, is untimely under Rule 60 (c)(1), since it seeks relief based on the discovery of new evidence.

Accordingly, for these reasons, this Court finds that Summers's Rule 60 motion must be denied.

IT HEREBY IS ORDERED, that Petitioner's Rule 60 Motion (Docket No. 78) is DENIED.

SO ORDERED.

Dated:     January 25, 2021
           Buffalo, New York

                                              s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge

4